**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILFREDO ANTONIO MORENO CHAVEZ (A No. 220-660-379),<br>Petitioner,<br>v.<br>ANDREWS, et al.,<br>Respondents. | Case No. 1:26-cv-08189-JLT-FJS<br><br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION TO APPOINT COUNSEL AS MOOT; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br><br>(Docs. 1, 3, 4) |

## I. INTRODUCTION

Before the Court is Wilfredo Antonio Moreno Chavez's request for a temporary restraining order (Doc. 4), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a motion to dismiss, asserting that Petitioner is detained under 8 U.S.C. § 1226(a) and that he should be required to exhaust his administrative remedies. (Doc. 9.) For the reasons explained below, the Court **GRANTS** the petition for writ of habeas corpus.[1]

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 8.) Respondents do not request a hearing or further briefing. (Doc. 9 at 1.) Thus, the Court decides this case on the underlying habeas petition and on the present record.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 16–18.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## III. BACKGROUND

Petitioner is from Nicaragua. (Doc. 9 at 12.) In December 2021, Petitioner immigrated to the United States and was encountered by Customs and Border Protection. (*Id*. at 13.) At that time, Department of Homeland Security released the Petitioner on an Order of Release on Recognizance ("OREC"). (*Id*. at 13–14.) Petitioner has a pending I-589 asylum application and has no criminal history. (*Id*. at 14.)

On August 5, 2026, Immigration and Customs Enforcement arrested the Petitioner after he appeared for a scheduled appointment. (*Id*. at 13.) According to the I-213, ICE arrested the Petitioner because he "does not possess lawful immigration status" and "further investigation determined that" petitioner "was in violation of the terms and conditions outlined in" his Order of Release on Recognizance. (*Id*.) However, the I-213 does not indicate the date or type of

violation or the quantity of violations. (*Id.*) Additionally, apart from the I-213, Respondents do not attach any substantive evidence of the alleged violations, such as a declaration from the assigned deportation officer, OREC records, biometric reporting logs, or other electronic records displaying failed appearances and submissions. After his arrest, DHS issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act.[2] (Doc. 9 at 7–10.) Petitioner's removal proceedings are ongoing. (*See id.*) Petitioner was subsequently transferred to the Golden State Annex Detention Facility, where he remains. (Doc. 1 at 2.)

## IV. DISCUSSION

Respondents concede that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a custody redetermination and/or bond hearing. (Doc. 9 at 2–4.) However, Respondents argue that Petitioner should be required to exhaust his administrative remedies. (*Id.*) As a prudential matter, habeas petitioners must exhaust available judicial and administrative remedy remedies before seeking relief. 28 U.S.C § 2241; *see also Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), overruled on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 (2006). Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003) (citation omitted); *Puga v. Chertoff,* 488 F.3d 812, 815 (9th Cir. 2007). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not

[2] Interestingly, the I-213 indicates that a Notice to Appear was issued at the time of Petitioner's entry into the United States in 2021, (*see* Doc. 9 at 13–14), however, it appears that DHS did not formally initiate removal proceedings at that time. Instead, DHS issued another NTA on August 6, 2026, and initiated removal proceedings at that time. (*See id.* at 7); *see also* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited October 19, 2026).

efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft,* 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citation omitted). In this case, because the Court finds that Petitioner's re-detention without pre-deprivation notice and hearing warrants immediate release, the pursuit of a bond hearing (e.g., the available administrative remedy) is inadequate and inefficacious. Thus, the Court waives the exhaustion requirement in this case.

As Respondents note, (Doc. 9 at 4), Petitioner's detention is controlled by 8 U.S.C. § 1226(a), as someone who was formally encountered upon entry into the United States and released into the interior of the country on his own recognizance. (*Id*. at 13–14); *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, Petitioner's re-detention under without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

Respondents further suggest that Petitioner's re-detention was justified because "he was in violation of the terms and conditions of his Order of Release on Recognizance." (Doc. 9 at 2.) However, Respondents do not provide any details whatsoever regarding the date and type of violation, quantity of violations, do not attach a copy of the OREC violation log, do not include records from the ICE database, and do not provide any declaration from the deportation officers who conducted the records search. (*See id*. at 2, 13–15.) At most, Respondents include an I-213 which suggests that the ICE database indicates that Petitioner is "in violation" of his release conditions. (*Id*. at 13.) While this Court would generally order a bond hearing as the appropriate remedy in cases of alleged OREC violations, this Court finds that Respondents failed to provide

sufficient, independent verifiable supporting documentation regarding the quantity, nature and substance of Petitioner's alleged OREC violations. *Cf. Bejarano v. Chestnut*, *et al.*, No. 1:25-cv-01905-JLT-SAB, 2026 WL 92018, at *2, 4–6, 7 (E.D. Cal. Jan. 13, 2026) (ordering a post-deprivation bond hearing because respondents' evidence—including a comprehensive list of the date/type of violation and a declaration from a deportation officer who referenced three exhibits from DHS records—adequately demonstrated legitimate violations and were not obviously pretextual for petitioner's arrest); *Nateros v. Chestnut, et al.*, No. 1:25-cv-01950-JLT-SKO, 2026 WL 177799, at *2, 4, 6 (E.D. Cal. Jan. 22, 2026) (ordering a post-deprivation bond hearing because respondents' evidence—including attached exhibits showing at least ten documented release violations and petitioner's admitted failure to comply with timely check-ins—constituted sufficient evidence and adequate rationale for re-arresting the petitioner).

Instead, this case is more akin to *Rocha Chavarria* and similar case law, which finds that the government's unsubstantiated allegations of OREC violations fail to adequately show a change in circumstances such that re-detention was justified and not clearly pretextual. *See Rocha Chavarria v. Chestnut, et al.*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *1–2, 5 (E.D. Cal. Dec. 9, 2025) (ordering petitioner's immediate release, in part, because respondents failed to identify the alleged violations nor suggest that such violations justified petitioner's re-detention); *Bernal v. Albarran, et al.*, No. 25-cv-09772-RS, 2025 WL 3281422, at *5–6 (N.D. Cal. Nov. 25, 2025) (finding that record did not support a finding of release violations because the deportation officer's allegations were either contradicted or unsubstantiated by the record).

Similarly, Respondents fail to substantively identify the alleged OREC violations and do not offer evidence in that regard. (Doc. 9 at 13–15.) It was not until after Petitioner arrived for a scheduled check-in appointment that ICE determined, upon "further investigation," that Petitioner should be detained for violating his OREC terms. (*Id*. at 13.) This Court and others have ordered immediate release in such instances. *See Dilpreet Singh v. Andrews, et al.*, No. 1:26-cv-03299-JLT-EPG, 2026 WL 1361738, at *3 (E.D. Cal. May 15, 2026); *E.A.T.-B v. Wamsley*, No. C25-1192-KKE, 2025 WL 2402130, at *4 (W.D. Wash. Aug. 19, 2025) (ordering petitioner's immediate release where ICE's post-hoc explanation that petitioner's supervised

release violations warranted his detention was pretextual, in part, because ICE first became aware of petitioner's alleged violations a few hours before his immigration hearing). Instead of identifying those violations, Respondents rely entirely on a vague allegation. (Doc. 9 at 13); *Bernal*, 2025 WL 3281422, at *5 ("Without any additional detail, there is simply not enough support for [r]espondents' assertion that [petitioner] breached the terms of her release.").

For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above. Petitioner **SHALL** be **RELEASED IMMEDIATELY.**

2. The motion for temporary restraining order (Doc. 4) is **DENIED** as **MOOT**.

3. The motion to appoint counsel (Doc. 3) is **DENIED** as **MOOT**.[3]

4. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[4];

5. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California with a copy of this Order.

///

///

///

///

---

[3] Petitioner asks this Court to appoint counsel in his habeas action. (Doc. 3.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." Because the Court **GRANTS** the habeas petition and orders immediate release, the motion to appoint counsel is now moot.

[4] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

6. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _October 20, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE